UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LINDA S. FLOWERS, and )
LYNN D. FLOWERS, JR., )
 )
    Plaintiffs, )
 )
v. ) No. 4:15CV1588 RLW
 )
SAFECO INSURANCE )
COMPANY OF ILLINOIS, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Safeco Insurance Company of Illinois' Motion for Joinder as to Joyce S. Ray, Sandra Merritt, and Joan South (ECF No. 6). The motion is fully briefed and ready for disposition.

This lawsuit arises out of an automobile accident that occurred on June 1, 2013 when a vehicle operated by Joyce Ray ("Ray vehicle") collided with a vehicle operated by Kelly Payne. Ms. Ray had three passengers in her car: Linda Flowers, Sandra Merritt, and Joan South. Plaintiff Linda Flowers and her husband originally filed suit in the Circuit Court of St. Louis County, Missouri, seeking to recover underinsured motorist benefits ("UIM") under two policies issued by Defendant Safeco Insurance Company of Illinois ("Safeco"). One policy was issued to Plaintiffs, and the other was issued to Ms. Ray ("Ray policy"). The Ray policy contained limits for the UIM coverage totaling $50,000 per person/$100,000 per accident. According to Defendant, Ms. Ray, Ms. Merritt, and Ms. South are also seeking UIM under the Ray policy, and their demands exceed the $100,000 per accident provided in the policy.

In response to Plaintiffs' Complaint, Defendant filed the present Motion for Joinder under Federal Rule of Civil Procedure 19(a) to join Ms. Ray, Ms. Merritt, and Ms. South as plaintiffs in this matter. Defendant asserts that because each of the four occupants of the Ray vehicle is making a claim for the limited amount of UIM benefits available under the Ray policy, the claimants should be joined as plaintiffs in this lawsuit to allow the Court to determine entitlement and amount. Plaintiffs oppose joinder on the ground that Defendant has not presented evidence suggesting that the other passengers have legitimate claims against Defendant for UIM coverage.

Federal Rule of Civil Procedure 19 governs the required joinder of parties. The rule states, in relevant part:

> (a) **Persons Required to Be Joined if Feasible**.
> (1) ***Required Party***. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)&(B). Further, "[i]f a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

Defendant argues that the other three occupants of the Ray vehicle should be joined as plaintiffs to prevent them from being deprived of any recovery and to avoid unnecessary duplicative litigation and possible inconsistent results. Plaintiffs oppose Defendant's motion, arguing that Defendant has presented no evidence that the other passengers have a legitimate

2

claim for UIM benefits and that, if these passengers wished to join the action, they should seek leave.

Defendant has attached to its reply brief Exhibits A through E. These exhibits include demand letters from the attorney for Ms. Merritt and a Petition filed in the Circuit Court of the City of St. Louis seeking UIM benefits from the Ray policy through Defendant Safeco. (Def.'s Exs. A-C, ECF Nos. 10-1, 10-2, 10-3) Additionally, Ms. South's attorney sent a letter indicating his intent to file a claim on the UIM portion of the Ray policy. (Def.'s Ex. D, ECF No. 10-4) Finally, Ms. Ray's attorney sent a demand letter to Defendant, requesting payment of $50,000 in UIM benefits under her own policy. (Def.'s Ex. E, ECF No. 10-5) These exhibits demonstrate not only that Ms. Ray and the other two passengers have a claim for UIM benefits, but also their plans to pursue those claims. Indeed, Ms. Merritt has a pending action in state court.

"The plain language of Rule 19(a)(1)(B) provides that an unjoined party is 'required' if that party *claims an interest* in the proceedings." *Sheevam v. Patel*, No. 4:09CV00925 DDN, 2009 WL 4430738, at *4 (E.D. Mo. Nov. 25, 2009) (quoting *Gemini Ins. Co. v. Clever Constr., Inc.*, Cv. No. 09-290 DAE-BMK, 2009 WL 3378593, at *3 (D. Haw. Oct. 21, 2009)). Further, if the party is aware of an action yet chooses not to claim an interest, the court does not err by finding joinder unnecessary. *Id.*

Here, the Ray policy provides only $100,000 total UIM coverage per accident. The driver and all three passengers have claimed an interest in UIM benefits, the subject of this action, and the demands exceed the $100,000 limitation. In addition, disposition of this case could impair the other claimants' ability to protect their interests and could subject Defendant to a substantial risk of incurring inconsistent obligations because of the interests of the driver and all passengers in the Ray vehicle. Fed. R. Civ. P. 19(a)(1)(B). Thus, the Court finds that Ms.

Ray, Ms. Merritt, and Ms. South have an interest in the subject of this cause of action and are required parties to protect those interests. *See, e.g., Ridgeway v. Bank of America, N.A.*, No. 4:13 CV 289 RWS, 2013 WL 3724818, at *3 (E.D. Mo. July 16, 2013) (finding beneficiaries of a trust to be necessary parties under Rule 19 in an action breach of fiduciary duty). These parties are all subject to service of process. Further, because the amount in controversy exceeds $75,000, the Plaintiff and required parties are citizens of Missouri, and Defendant Safeco is a citizen of Illinois, joinder will not destroy diversity jurisdiction. *Id.* Therefore, the Court will grant Defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Safeco Insurance Company of Illinois' Motion for Joinder as to Joyce S. Ray, Sandra Merritt, and Joan South (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within 30 days from the date of this Order, Plaintiff shall file an amended complaint joining Joyce S. Ray, Sandra Merritt, and Joan South as plaintiffs in this matter.

Dated this 6th day of April, 2016.

*Ronnie L. White* (signature)
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**